**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIGUEL MALDONADO, | ) | |
| | ) | No. 08 C 1954 |
| Plaintiff, | ) | |
| | ) | Judge Aspen |
| v. | ) | |
| | ) | Magistrate Judge Nolan |
| UNKNOWN AND UNNAMED | ) | |
| CHICAGO POLICE OFFICERS, | ) | Jury Demand |
| individually, and THE CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES**
**AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the

City of Chicago, answers Plaintiff's Complaint and states:

1.      This action arises under the United States Constitution and the Civil Rights Act of
1871 [42 U.S.C. Section 1983].  This court has jurisdiction under and by virtue of 28 U.S.C.
Sections 1343,1331, and 1367.

**ANSWER:**    The City admits that Plaintiff brings this action under the United States

Constitution and the Civil Rights Act of 1871.  The City further admits the jurisdiction of this

Court over plaintiff's federal claims is invoked pursuant to 28 U.S.C. § 1331 and 1343 and the

jurisdiction of this Court over Plaintiff's state claims is invoked pursuant to 28 U.S.C. § 1367.


2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts
complained of arose in this district.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.

## PARTIES

3.    At all times herein mentioned, Plaintiff MIGUEL MALDONADO ("Maldonado") or ("Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.

4.    At all times herein mentioned, UNKNOWN AND UNNAMED CHICAGO POLICE OFFICERS ("Individual Defendants") were employed by the Chicago Police Department and were acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  These Defendants are being sued in their individual/personal capacities.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.

5.    At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:**    The City admits it is a political division of the State of Illinois, existing as

such under the laws of the State of Illinois.  The City further admits that the Chicago Police

Department is an operating department of the City.  The City denies the remainder of the

allegations in this paragraph.

## FACTUAL ALLEGATIONS

6.    On or about January 24, 2008, at approximately 11:30 AM, Plaintiff was at 6343 W. Grand Avenue, Chicago, IL.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.

7.      At that place and date, the individual defendants, arrived at Plaintiff's location.

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8.      The individual defendants then proceeded to handcuff, detain, and search Plaintiff and Plaintiff's vehicle.  The search of Plaintiff's vehicle by the individual defendants caused significant damage to the vehicle.

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9.      There was no probable or other legal cause to stop, detain, search Plaintiff or Plaintiff's vehicle, or arrest Plaintiff.

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10.      Plaintiffs in no way consented to this treatment.

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11.      Defendants then left the scene.

**ANSWER:**      The City denies the allegations contained in this paragraph to the extent they are directed toward the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

12.      By reason of the above-described acts and omissions of Defendants, Plaintiff

sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their [*sic*] damage in an amount to be ascertained.

**ANSWER:**    The City denies the allegations contained in this paragraph to the extent

they are directed toward the City.  The City is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained within this paragraph.

13.    The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' [*sic*] rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:**    The City denies the allegations contained in this paragraph to the extent

they are directed toward the City.  The City is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained within this paragraph.

14.    By reason of the above-described acts and omissions of Defendants, Plaintiffs [*sic*] were required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:**    The City incorporates its denials to the applicable aforementioned

paragraphs and is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained within this paragraph.

## COUNT I

**Plaintiff against Individual Defendants for Unlawful Detention and False Arrest**

The City is not a party-defendant to count I.  Therefore, it does not answer the allegations

-4-

in that count.

## COUNT II

### Plaintiff against Individual Defendants for Unreasonable Search

The City is not a party-defendant to count II. Therefore, it does not answer the allegations in that count.

## COUNT III

### Plaintiff against all Defendants for False Arrest

21.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fourteen (14) hereat as though fully alleged at this place.

**ANSWER:**    The City realleges its answers to paragraphs 1 through 14 above, as if fully set forth herein.

22.     Defendants caused the unlawful arrest and detention of Plaintiff without legal cause.

**ANSWER:**    The City denies the allegations contained in this paragraph to the extent they are directed toward the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

23.     The City of Chicago is liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of *respondeat superior* [*sic*]

**ANSWER:**    The allegations that the "[City] is liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of *respondeat superior"* is a vague, incomplete and/or inaccurate statement of the City's liability under this doctrine; therefore, this allegation is denied.

24.    Therefore, Defendants and each of them are liable under the supplemental state claim of false arrest.

**ANSWER:**    The City denies the allegations contained in this paragraph to the extent they are directed toward the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

**WHEREFORE**, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's Complaint, award Defendant such costs and fees as allowed by law and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    Defendant City is not liable to Plaintiff for any of his state law claims if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2006).

2.    Defendant City is not liable for the actions of any employee or agent of Defendant City where the employee or agent was acting outside the scope of his or her employment. 745 ILCS 10/9-102 (2006).

3.    To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (2006).

4.    Under the Tort Immunity Act, Defendant Officers are not liable for any of

Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his or her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

5.     A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees.  See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

6.     Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

7.     To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.  See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).


## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.


**DATED:  June 9, 2008**

Respectfully submitted,

MARA S. GEORGES,

Corporation Counsel
City of Chicago


By:     _s/ Kathleen D. Manion_
        KATHLEEN D. MANION
        Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 742-9866
Attorney No.   06286785