**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIGUEL MALDONADO | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 08 C 1954 |
| | ) | |
| v. | ) | Judge Aspen |
| | ) | |
| P.O. LENNY PIERRI Star No. 10956 | ) | Magistrate Judge Nolan |
| P.O. VINCENT STINAR Star No. 4017 | ) | |
| individually, and THE CITY OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **JURY DEMAND** |

**FIRST AMDENDED COMPLAINT**

**JURISDICTION AND VENUE**

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3.      At all times herein mentioned, Plaintiff MIGUEL MALDONADO ("Maldonado") or ("Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

4.      At all times herein mentioned, P.O. LENNY PIERRI Star No. 10956 and P.O. VINCENT STINAR Star No. 4017 ("Individual Defendants") were employed by the Chicago Police Department and were acting under color of state law and as the employee, agent, or

representative of the Chicago Police Department. These Defendants are being sued in their individual/personal capacities.

5. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

6. On or about January 24, 2008, at approximately 11:30 AM, Plaintiff was at 6343 W. Grand Avenue, Chicago, IL.

7. At that place and date, the individual defendants, arrived at Plaintiff's location.

8. The individual defendants then proceeded to handcuff, detain, and search Plaintiff and Plaintiff's vehicle. The search of Plaintiff's vehicle by the individual defendants caused significant damage to the vehicle.

9. There was no probable or other legal cause to stop, detain, search Plaintiff or Plaintiff's vehicle, or arrest Plaintiff.

10. Plaintiffs in no way consented to this treatment.

11. Defendants then left the scene.

12. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

13. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained

according to proof at the time of trial.

14. By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

### Plaintiff against Individual Defendants for Unlawful Detention and False Arrest

15. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fourteen (14) hereat as though fully set forth at this place.

16. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

17. The detention and arrest of Plaintiff as alleged above was caused by Defendants and was done without probable cause and was unreasonable. Therefore, Defendants are liable for this detention and arrest under 42 U.S.C. § 1983.

## COUNT II

### Plaintiff against Individual Defendants for Unreasonable Search

18. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fourteen (14) hereat as though fully set forth at this place.

19. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendment to the Constitution of

the United States and laws enacted thereunder.

20. Defendants unlawfully searched Plaintiff and Plaintiff's vehicle, resulting in significant damage to Plaintiff's vehicle, without Plaintiff's consent, unreasonably, and without legal cause. Therefore, Defendants are liable for an unlawful search under 42 U.S.C. § 1983.

## COUNT III

**Plaintiff against all Defendants for the State Supplemental Claim of False Arrest**

21. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fourteen (14) hereat as though fully alleged at this place.

22. Defendants caused the unlawful arrest and detention of Plaintiff without legal cause.

23. The City of Chicago is liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*

24. Therefore, Defendants and each of them are liable under the supplemental state claim of false arrest.


WHEREFORE, the plaintiff, Miguel Maldonado, by and through his attorneys, Ed Fox & Associates, requests judgment as follows against the defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiff special damages;

3. That individual defendants be required to pay Plaintiff attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

      4.       That the individual defendants be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

      5.       That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

      6.       That Plaintiff has such other and further relief as this Court may deem just and proper.


Dated: August 13, 2008                                      /s/ Leslie C. McCoy
                                                              Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                                                     /s/ Leslie C. McCoy
                                                                          Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIGUEL MALDONADO | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 08 C 1954 |
| | ) | |
| v. | ) | Judge Aspen |
| | ) | |
| P.O. LENNY PIERRI Star No. 10956 | ) | Magistrate Judge Nolan |
| P.O. VINCENT STINAR Star No. 4017 | ) | |
| individually, and THE CITY OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **JURY DEMAND** |

**NOTICE OF FILING**

To:  Megan McGrath
     Kathleen Manion
     Assistant Corporation Counsel
     30 N. LaSalle Street, Suite 1020
     Chicago, IL

**PLEASE TAKE NOTICE** that on August 13, 2008, the undersigned filed with the Clerk of this Court, **PLAINTIFF'S FIRST AMENDED COMPLAINT**, service of which is being made upon you.

    s/Leslie C. McCoy
    Leslie C. McCoy
    ED FOX & ASSOCIATES
    300 West Adams, Suite 330
    Chicago, IL 60606
    (312) 345-8877

**PROOF OF SERVICE**

I, Leslie C. McCoy, an attorney, under penalty of perjury, and state that on August 13, 2008, service is being made in accordance with the General Order on Electronic Case Filing section XI.

    s/Leslie C. McCoy
    Leslie C. McCoy