Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1954 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Maldonado vs. Chicago Police Officers, et al | | |

**DOCKET ENTRY TEXT**

Presently before us is Plaintiff's motion to reconsider, (135) filed on July 22, 2010, nearly six month after our order. For the reasons stated below, we deny the motion.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

ORDER

  On February 1, 2010, we granted in part and denied in part Defendants' motion for summary judgment. (Dkt No. 92.) Presently before us is Plaintiff's motion to reconsider, filed on July 22, 2010, nearly six month after our order. For the reasons stated below, we deny the motion.

  Although Maldonado does not cite to a particular Federal Rule of Civil Procedure as authority, we deem his motion to be a Rule 60(b) motion as it challenges the merits of certain aspects of our February 1, 2010 Order and has been filed more than 28 days after that order. *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997)). Rule 60(b) permits relief from an order for six specific reasons, none of which plausibly apply to Maldonado's arguments except the catch-all: "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

  Maldonado makes two arguments. First, Maldonado claims that we improperly held that Defendants had probable cause to arrest him based solely on Officer Stinar's knowledge of Maldonado's past criminal associations. (Mot. at 1–2.) He misstates our opinion. Probable cause is based on the totality of the circumstances, and we held that three factors were present prior to Maldonado's arrest which in combination created probable cause: Stinar's recognition of Maldonado as a gang affiliate, the officers' knowledge that the location of the stop was a heavily-gang infested neighborhood, and the anonymous tip. (2/1/2010 Op. at 10–12.) Maldonado cites no authority in his motion contrary to that holding.

  Second, Maldonado argues that Officer Stinar was lying when he testified that he recognized Maldonado as a gang affiliate, and that we should have drawn that inference in his favor at summary judgment. (Mot. at 2–4.) Officer Stinar testified that based on a prior encounter at a murder scene and many times seeing Maldonado

| STATEMENT |
|---|
| hanging out on street corners with gang members, he believed Maldonado was a gang member. (Stinar Dep. at 31; *see also* Stinar Dep. at 25–30.). Maldonado testified that after the initial pat-down, Stinar asked him about his gang affiliation and Maldonado denied having any. (Maldonado Dep. at 52.) As we explained in our opinion, whether Maldonado was or was not a gang affiliate is not the primary question for our probable cause analysis. Rather, the question is whether Stinar had a reasonable belief that Maldonado had gang ties. (2/1/2010 Op. at 11–12 and n.5.) Although a reasonable jury could infer from Maldonado's testimony that he did not have gang ties, and thus that Stinar's belief was mistaken, Maldonado has presented no evidence suggesting that Stinar lied about his belief or that Stinar's mistaken belief—if he was mistaken—was unreasonable. Without such evidence, no reasonable jury could infer that Stinar is lying or unreasonably mistaken about recognizing Maldonado. Accordingly, we deny the motion. |

*/s/ Marvin E. Aspen*