IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIGUEL MALDONADO, | ) |
| Plaintiff, | ) |
| v. | ) No. 08 C 1954 |
| P.O. VINCENT STINAR, P.O. MICHAEL GLINES, Individually, and THE CITY OF CHICAGO, | ) Judge Marvin E. Aspen<br>) Magistrate Judge Nan R. Nolan |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Miguel Maldonado charges Officer Vincent Stinar, Officer Michael Glines, and the City of Chicago with violating his civil rights under 42 U.S.C. § 1983. Specifically, on January 24, 2008, Officer Stinar and his partner, Officer Lenny Pierri, stopped Plaintiff's blue minivan after receiving an anonymous tip that there was a gun in it. Plaintiff claims that during that stop, the officers unlawfully seized and arrested him without probable cause when they handcuffed him and placed him in the locked backseat of their unmarked police car (Count I). Plaintiff also claims that the officers unreasonably searched his person, and that Officer Stinar and Officer Glines, who arrived on the scene after Plaintiff was handcuffed, unreasonably searched his van, causing $210 in damages (Count II). Finally, Plaintiff alleges that all Defendants falsely arrested him in violation of Illinois state law (Count III).

On February 1, 2010, the district court granted Defendants' motion for summary judgment as to Counts I and III, finding that the officers acted with probable cause when they seized and arrested Plaintiff. *Maldonado v. Pierri*, No. 08 C 1954, 2010 WL 431478, at \*4-6 (N.D. Ill. Feb. 1, 2010). With respect to Count II, the court held that the officers' "search of [Plaintiff's] person was a reasonable, lawful search incident to arrest," and that the officers had probable cause to search the relevant areas of Plaintiff's van. *Id*. at \*7-8. The court denied summary judgment as to the

remainder of Count II, however, finding that "a reasonable jury could conclude that the officers excessively and unnecessarily destroyed parts of [Plaintiff's] vehicle, and therefore violated his clearly established Constitutional rights during the search." *Id*. at *8. The parties are now preparing to go to trial on this single, limited issue.

The district court has referred the matter to this court for ruling on the parties' motions *in limine* and objections to jury instructions. For the reasons stated below, the motions are granted in part and denied in part, and the objections are sustained in part and overruled in part.

## DISCUSSION

Before turning to the specific motions and instructions, the court first notes that the parties have reached the following stipulation as to the statement of the case:

> The sole issue to be determined by the jury is whether the search of Plaintiff's car was conducted in a reasonable manner.
>
> Two police officers received a tip that a Hispanic male in a blue minivan had a gun. The tip included the license plate number and location of the van.
>
> Beat officers saw a minivan matching the description provided in the tip. They stopped the van and conducted a search. They did not find a gun. Plaintiff claims that the officers unreasonably damaged his car during the search.

With this stipulation in place, the court considers the parties' disputes.

I.  **Motions *in Limine***

Motions *in limine* "aid the trial process 'by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Bastilla v. Village of Cahokia, Illinois*, No. 06-CV-0150-MJR, 2010 WL 119132, at *1 (S.D. Ill. Jan. 11, 2010) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Id*. (quoting *Plair v. E.J. Brach & Sons,*

*Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994)). The court may deny a motion *in limine* when it lacks the necessary specificity, but denial "does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id*. (quoting *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993)). In addition, motion *in limine* rulings are "subject to change when the case unfolds at trial," and "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

A. **Defendants' Motions *in Limine***

Defendants have filed 18 motions *in limine* seeking to bar a variety of evidence. The court addresses each motion in turn.

1. **Testimony of Jose Rojano and Victor Coopman/Koopman**

Defendants first move to exclude the testimony of Jose Rojano and Victor Coopman/Koopman.

a. **Jose Rojano**

Plaintiff initially identified someone named Jose Arroyo as an employee of his father's auto repair shop who witnessed the search of his van. Plaintiff later changed the name to Jose Rojano, but Plaintiff's father, Efrain, testified that there was no one named "Jose" working for him on the day in question. Defendants attempted to locate Mr. Rojano, Mr. Arroyo and even someone named "Mauricio," who Efrain said also may have been a witness, but Defendants were unable to find any of these individuals. To this date, Plaintiff has not provided any contact information for Jose Rojano (or Jose Arroyo), but he continues to list him as a "may call" witness in the case. The court does have some concern that allowing Mr. Rojano to testify under these circumstances may be unfairly prejudicial to Defendants. Nevertheless, a final determination on this issue is best reserved for when, and if, Mr. Rojano is actually called to testify at trial. *Bastilla*, 2010 WL 119132, at *1 ("[A]

court may reserve judgment until trial, so that the motion *in limine* is placed in an appropriate factual context."); *Frazier v. Layne Christensen Co.*, No. 04-C-315-C, 2006 WL 6041120, at *4 (W.D. Wis. Feb. 21, 2006) ("[T]he court retains the discretion to allow a witness who was not timely disclosed to testify if it will not prejudice the opposing party.") Defendants' Motion *in Limine* No. 1 is denied as to Jose Rojano.

        **b.**        **Victor Coopman/Koopman**

Plaintiff identified Victor Koopman as a passer-by who witnessed the search of his van, but later amended his name to Coopman. Plaintiff provided Defendants with a home address and telephone number, and Defendants contacted Mr. Coopman on or about May 12, 2009. At that time, Mr. Coopman informed defense counsel that he did not wish to cooperate or be involved with Plaintiff's case. He further advised that he would take the same position if contacted by Plaintiff's counsel. Mr. Coopman appears on Plaintiff's "may call" witness list, which Defendants claim is unduly prejudicial. Given that Defendants' counsel had Mr. Coopman's contact information, spoke with him, and declined to issue him a subpoena, the court finds it best to consider the appropriateness of any potential testimony from this witness when, and if, he is called at trial. *Bastilla*, 2010 WL 119132, at *1. Defendants' Motion *in Limine* No. 1 is denied as to Victor Coopman/Koopman.

        **2.**        **Testimony or Argument of Physical Force Being Used Against Plaintiff**

In light of the parties' stipulation, Plaintiff has no objection to barring evidence as set forth in Defendants' Motion *in Limine* No. 2. The motion is granted.

        **3.**        **Testimony or Argument that the Stop, Search of Plaintiff's Person and/or Arrest of Plaintiff were Improper or Illegal**

In light of the parties' stipulation, Plaintiff has no objection to barring evidence as set forth in Defendants' Motion *in Limine* No. 3. The motion is granted.

### 4. Testimony or Argument that the Scope of the Vehicle Search was Unreasonable

In light of the parties' stipulation, Plaintiff has no objection to barring evidence as set forth in Defendants' Motion *in Limine* No. 4. The motion is granted.

### 5. Testimony or Argument that Plaintiff Suffered Emotional Distress from Any Other Aspect of the Arrest and/or Search Besides that of the Search of His Vehicle

Plaintiff alleges that he suffered emotional distress and pain and suffering in this case. Defendants seek to preclude any evidence or argument that Plaintiff's emotional distress stems from anything other than the search of his van. In light of the district court's ruling on summary judgment and the parties' stipulation, the court agrees that Plaintiff may not mention the arrest or the search of his person in discussing his emotional distress. Plaintiff may testify, however, regarding any emotional distress he suffered by virtue of the van search. Defendants' Motion *in Limine* No. 5 is granted in part and denied in part.

### 6. Evidence of Violations of City of Chicago Police Department General Orders, Rules and Regulations

Plaintiff has no objection to barring evidence as set forth in Defendants' Motion *in Limine* No. 6. The motion is granted.

### 7. Any Mention of Indemnity

Defendants seek to exclude any testimony, argument or evidence indicating that the City may indemnify Defendant Officers against a compensatory damages judgment in this action. Plaintiff does not dispute the proposition that "[e]vidence of indemnification is generally irrelevant and inadmissible." *Hillard v. City of Chicago*, No. 09 C 2017, 2010 WL 1664941, at *4 (N.D. Ill. Apr. 23, 2010) (citing *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998)). Instead, Plaintiff seeks assurances that if Defendant Officers submit evidence of their financial situation to address the issue of punitive damages, the jury will receive an instruction that such evidence applies only to

punitive damages. (Doc. 127, at 3.) *See Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) ("The defendant should not be allowed to plead poverty [to avoid paying punitive damages] if his employer or insurance company is going to pick up the tab.")

Plaintiff's argument is not responsive to Defendants' motion and is more appropriately addressed in connection with the parties' jury instructions. Defendants' motion to bar Plaintiff from "arguing, implying or mentioning directly that the City will indemnify the Defendant Officers for any award of compensatory damages" is granted. (Doc. 133, at 7.)

### 8. Any Mention that Defense Lawyers Work for the City of Chicago

As with the indemnification issue, Defendants seek to preclude any mention that defense counsel work for the City of Chicago in order to avoid any "signal [to] the jury that deep pockets are available to pay any judgment." (Doc. 120, at 13.) Plaintiff says that he "does not intend to instruct the jury that the City of Chicago is paying for the officers' defense," but once again raises concerns regarding Defendants' jury instructions, specifically one relating to attorneys' fees. (Doc. 127, at 3.) The court addresses the instructions separately in this opinion, and grants Defendants' Motion *in Limine* No. 8.

### 9. Any Mention How the City of Chicago Trains, Disciplines, Monitors or Controls Police Officers Absent a Monell Claim

Plaintiff has no objection to barring evidence as set forth in Defendants' Motion *in Limine* No. 9. The motion is granted.

### 10. Evidence Regarding a "Code of Silence" or a "Blue Wall"

In this motion, Defendants argue that Plaintiff should not be allowed to make generalized allegations that there is a police "code of silence" or "blue wall," or that police officers cover up for each other. The court agrees. As one court recognized,

> A verdict based on the assumption that police officers, on every occasion, conspire to conceal evidence is akin to the conclusion that all mechanics, when they have the opportunity, assess overcharges for unnecessary repairs; that all politicians, when

6

the public's back is turned, accept bribes; and that all taxpayers, when they think they can get away with it, cheat on their taxes – and no one ever tells. In a court of law, however, justice is dispensed based on evidence of articulated and proven facts, not on generalized assumptions and prejudices.

*Sanders v. City of Indianapolis*, 837 F. Supp. 959, 963 (S.D. Ind. 1992). Plaintiff may not introduce generalized testimony, evidence or argument that there is a code of silence among police officers.

Plaintiff confirms that he has no intention of using the phrases "code of silence" or "blue wall," but notes that he has a right to elicit testimony as to bias, "including bias based on the fact that the Defendants work together as police officers." (Doc. 127, at 4.) To the extent Plaintiff has evidence of bias "among *these particular officers* in *this particular incident*," he may present it at trial. *Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 819 (N.D. Ill. 2010) (quoting *Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137, at *6 (N.D. Ill. Apr. 15, 2008)) (emphasis added). In all other respects, Defendants' Motion *in Limine* No. 10 is granted.

**11.     Any Testimony, Evidence, Argument or Comments Regarding Other Events Concerning Allegations of Police Misconduct in the Media or Any Other Forum.**

Defendants seek to preclude any mention at trial of allegations of misconduct by other members of the Chicago Police Department that have been publicized in recent years and months. Defendants cite, for example, the videotaped incident of an off-duty police officer attacking a bartender; the incident of six off-duty police officers allegedly attacking and beating four bar patrons; and the civil trial of Jon Burge. Defendants are concerned that references to these other allegations "can only serve to inflame the Jury against the police in general, and against the Defendants in this particular case." (Doc. 120, at 16.)

Plaintiff says that he "does not intend to argue that the Defendant Officers are guilty by association." (Doc. 127, at 4.) He notes, however, that he does plan to question jurors about their knowledge of such incidents during *voir dire* to expose potential bias. Defendants agree that such *voir dire* questions may be relevant, but do not want the incidents coming in at trial. (*Id*. (citing

*Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 740 (N.D. Ill. 2004)) (granting motion to bar "testimony or evidence regarding other cases of police misconduct.") The court finds that evidence of police conduct unrelated to the Defendant Officers in this case has only minimal probative value and is highly inflammatory and prejudicial. Outside the *voir dire* context, such evidence is barred.

### 12. All Non-Party Witnesses Should be Excluded from the Courtroom During Trial Testimony

Plaintiff has no objection to barring evidence as set forth in Defendants' Motion *in Limine* No. 12. The motion is granted.

### 13. Any Argument from Plaintiff Regarding a Conspiracy by the Defendant Officers

Plaintiff has no objection to barring evidence as set forth in Defendants' Motion *in Limine* No. 13. The motion is granted.

### 14. Any Argument that the City Should be Punished

Plaintiff has no objection to barring evidence as set forth in Defendants' Motion *in Limine* No. 14. The motion is granted.

### 15. Evidence Regarding Prior Complaints, and/or Other Prior Citizen Complaints or Current Lawsuits for Alleged Police Misconduct

Plaintiff has no objection to barring evidence as set forth in Defendants' Motion *in Limine* No. 15. The motion is granted.

### 16. Any Testimony or Argument Regarding Settlement Discussions

Plaintiff has no objection to barring evidence as set forth in Defendants' Motion *in Limine* No. 16. The motion is granted.

### 17. Any Testimony Regarding Alleged Police Misconduct By Other Police Officers at the Scene of the Arrest, Who Are Not Defendants in this Lawsuit

In light of the parties' stipulation, Plaintiff has no objection to barring evidence as set forth in Defendants' Motion *in Limine* No. 17. The motion is granted.

18. **Any testimony or Argument that Defendant Officers Were Searching Plaintiff's Vehicle for Anything Other than a Gun**

In their final motion, Defendants seek to bar Plaintiff from presenting evidence or argument that the Defendant Officers were looking for contraband other than a gun while searching his van. Plaintiff responds that he "does not intend to imply that [the officers] were searching for anything other than a gun, unless their testimony leads to such a question." (Doc. 127, at 5.) In the court's view, this issue is best addressed at trial upon hearing appropriate testimony. *Bastilla*, 2010 WL 119132, at *1 ("[A] court may reserve judgment until trial, so that the motion *in limine* is placed in an appropriate factual context.") Defendants' Motion *in Limine* No. 18 is denied.

**B.  Plaintiff's Motions *in Limine***

Plaintiff has filed five motions *in limine* seeking to bar evidence of, among other things, his alleged gang affiliation and prior arrests. The court considers each argument in turn.

1. **Alleged Prior Gang Affiliation**

In light of the parties' stipulation, Defendants have no objection to barring evidence as set forth in Plaintiff's Motion *in Limine* No. 1. The motion is granted.

2. **Plaintiff's Nicknames**

In light of the parties' stipulation, Defendants have no objection to barring evidence as set forth in Plaintiff's Motion *in Limine* No. 2. The motion is granted.

3. **Plaintiff's Prior Arrests or Charges**

Discovery in this case revealed that Plaintiff has been arrested on five occasions for misdemeanor offenses. Plaintiff seeks to exclude this evidence as irrelevant and unfairly prejudicial. Defendants insist that Plaintiff's prior arrests are relevant to the issue of emotional distress damages because they may undermine Plaintiff's assertion that he continues to suffer "humiliation and indignities," and "great physical, mental and emotional pain and suffering" due to the search of his van. (Doc. 128, at 2.) Defendants direct the court to *Redmond v. City of Chicago*,

9

No. 06 C 3611, 2008 WL 539164 (N.D. Ill. Feb. 26, 2008), in which the court denied a motion *in limine* to exclude evidence of the plaintiff's prior arrests. The *Redmond* court found the evidence relevant to the issue of the plaintiff's emotional suffering, explaining that "if [the plaintiff] had been arrested on prior occasions the trier of fact could conclude from such evidence that [the plaintiff] would not have been as emotionally traumatized by the May 8, 2004, arrest as he claims since he had already experienced the arrest process on prior occasions." *Id*. at *2.

Plaintiff notes that his prior arrests do not involve facts similar to those presented here, and argues that this warrants excluding the evidence under Federal Rule of Evidence ("FRE") 403. (Doc. 131, at 2.) The court agrees. In *Caldwell v. City of Chicago*, No. 08 C 3067, 2010 WL 380696 (N.D. Ill. Jan. 28, 2010), the plaintiff moved *in limine* to bar evidence of his prior arrests, but the defendants objected that the evidence was admissible to rebut the plaintiff's claim of damages for emotional distress. *Id*. at *1. The court held that "[t]he prejudice resulting from the introduction of evidence of [the plaintiff's] prior arrests outweighs the limited relevance such evidence would have in this case." *Id*. In reaching this conclusion, the court found it significant that the prior arrests did not involve "even remotely similar facts" or circumstances as those presented in the case. *Id*. (citing *Moore*, 2008 WL 4549137, at *1) ("[T]o be relevant, the arrests must be substantially similar and the court must conduct a prejudice analysis.")

In this case, Defendants have not demonstrated that any of Plaintiff's prior arrests involved similar facts or circumstances. More importantly, in light of the summary judgment ruling and the parties' stipulation, there will be no mention of Plaintiff's January 24, 2008 arrest at trial. On these facts, the probative value of the prior arrests is very low. At the same time, it would be highly prejudicial to Plaintiff to allow the jury to hear this evidence. Plaintiff's Motion *in Limine* No. 3 is granted.

### 4. Any Implication that Defendant Police Officers Will Be Responsible for Paying Compensatory Damages

In his next motion, Plaintiff argues that if Defendant Officers submit evidence of their financial situation to address the issue of punitive damages, then the jury must receive an instruction that such evidence applies only to punitive damages. (Doc. 119, at 3.) *See Kemezy*, 79 F.3d at 37 ("The defendant should not be allowed to plead poverty [to avoid paying punitive damages] if his employer or insurance company is going to pick up the tab.") As Defendants recognize, Plaintiff's argument is more appropriately addressed in connection with the parties' jury instructions. The court grants Plaintiff's motion to preclude Defendants from presenting evidence or argument that the Defendant Officers are personally responsible for paying compensatory damages, but otherwise denies Plaintiff's Motion *in Limine* No. 4.

### 5. Plaintiff's Conviction for Domestic Battery in 2009

Plaintiff finally seeks to exclude evidence that he was convicted of domestic battery in 2009, arguing that it is irrelevant and unduly prejudicial. Under FRE 609(a), evidence that a party was convicted of a crime punishable by more than one year of imprisonment is admissible for impeachment purposes, as long as the probative value outweighs its prejudicial effect. *See United States v. Baker*, No. 09-CR-20055, 2009 WL 3672061, at *6 (C.D. Ill. Oct. 28, 2009). FRE 404(b) provides that evidence of a party's "other bad acts" is not admissible to show a propensity to commit a crime, but may be admissible to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. at *2. Plaintiff argues that his conviction does not satisfy the admissibility requirements of either rule.

Defendants first respond that they do not seek to introduce evidence of Plaintiff's 2009 conviction to attack his credibility or to show his propensity to commit crimes. Reiterating arguments made with respect to Plaintiff's prior arrests, Defendants claim instead that the conviction is relevant to the issue of emotional distress damages. (Doc. 128, at 5.) They again cite

11

to *Redmond*, but the plaintiff in that case had no criminal convictions so the court did not address the issue. 2008 WL 539164, at *2. Defendants have not demonstrated that Plaintiff's domestic battery conviction involves facts similar to this case, and the court finds its probative value to be very low. Like the prior arrests, moreover, it would be highly prejudicial to Plaintiff to allow the jury to hear this evidence. *Caldwell*, 2010 WL 380696, at *1.

Defendants argue that they should nonetheless be allowed to present evidence concerning the domestic battery conviction for purposes of impeachment, if Plaintiff opens the door. (Doc. 128, at 6.) In determining whether the probative value of a conviction outweighs its prejudicial effect when used for impeachment, the court must consider:

> (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.

*United States v. Stolica*, No. 09-cr-30047-DRH, 2010 WL 538233, at *1 (S.D. Ill. Feb. 8, 2010) (quoting *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004)). The domestic battery conviction occurred after the van search at issue here. It is not similar to events that transpired in this case, nor is it related to Plaintiff's honesty. *Cf. Dupree v. Laster*, No. 02-cv-1059-DRH, 2008 WL 5381949, at *3 (S.D. Ill. Dec. 23, 2008) (allowing evidence of prior convictions that were "based upon fraudulent acts" such that they "clearly went towards Plaintiff's credibility.") On these facts, Plaintiff's Motion *in Limine* No. 3 is granted.

## II.     Proposed Jury Instructions

The parties have raised several objections regarding the wording and propriety of the proposed jury instructions. As a preliminary matter, Plaintiff has withdrawn proposed Instruction Nos. 1.25, 2.05 and 7.03, as well as his proposed verdict forms. Those instructions and forms will not be given to the jury. The court addresses the remaining disputes below.

1. **Defendants' No. 5 - Issue Instruction**

In light of the parties' stipulation, Defendants have agreed to withdraw proposed Instruction No. 5.

2. **Defendants' No. 7, Plaintiff's 4th Amendment - Unreasonable Search**

The parties were unable to agree on language for an unreasonable search instruction and submitted separate, yet very similar proposals:

Plaintiff's Proposal

Plaintiff claims that the officers unreasonably damaged his car during their search. In order to succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendants conducted their search of Plaintiff's car in an unreasonable manner.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff did not prove this by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages.

(Doc. 141.)

Defendants' Proposal

Plaintiff claims that the Defendant Officers damaged his car during their search. In order to succeed on this claim, Plaintiff must prove by a preponderance of the evidence that the Defendants excessively and unreasonably damaged parts of his car during the search.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff did not prove this by a preponderance of the evidence, then you should find for the Defendants, and you will not consider the question of damages.

The second paragraphs are identical and are accepted. As for the first paragraph, the court finds that the following language best explains to the jury Plaintiff's burden in proving an unreasonable search:

Plaintiff claims that the Defendant Officers unreasonably damaged his car during their search. In order to succeed on this claim, Plaintiff must prove by a

preponderance of the evidence that the Defendants conducted their search of Plaintiff's car in an unreasonable manner.

The parties' objections to the unreasonable search instructions are all sustained in part and overruled in part.

3.     **Defendants' No. 8, Plaintiff's 7.23 - Compensatory Damages**

The parties agree that it is appropriate to use Seventh Circuit Pattern Instruction ("PI") 7.23 on the issue of compensatory damages. Defendants, however, seek to add a sentence to the end of the instruction as follows:

Your verdict for these damages must be solely to compensate Plaintiff for his injuries and not to punish the Defendants.

Defendants' rationale for this additional language is "to ensure that the jury does not inflate a compensatory award with punitive-type damages." (Doc. 132, at 3.) Defendants do not cite any authority for this amendment, and both parties agree that there will be a separate instruction on punitive damages. Plaintiff's objection to Defendants' proposed Instruction No. 8 is sustained, and Defendants' corresponding objection to Plaintiff's proposed instruction No. 7.23 is overruled.

4.     **Defendants' No. 9, Plaintiff's 7.25 - Punitive Damages**

The parties appear to agree that it is appropriate to use PI 7.24 on the issue of punitive damages. PI 7.24 sets forth several factors to consider in determining the amount of any punitive damages award. One factor listed in brackets is: "Defendant's financial condition," which Defendants want to include in the jury instruction. Plaintiff does not object to this language, but wants to instruct the jury further that the evidence is relevant only for punitive damages. (Doc. 126, at 2; Doc. 130, at 2.) The court has granted Plaintiff's Motion *in Limine* No. 4 to preclude any suggestion that Defendant Officers will be responsible for paying compensatory damages, and does not see any basis for a special instruction at this time. Defendants' proposed Instruction No.

9 is accepted, and Plaintiff's objection is overruled. Defendants' objection to Plaintiff's proposed Instruction No. 7.25 is sustained.

### 5. Defendants' No. 10 - Attorneys' Fees

Defendants' proposed Instruction No. 10 relates to attorneys' fees, and states:

> If you find Defendant Officer Stinar and/or Defendant Officer Glines liable for damages on Plaintiff's claims, you are not to consider attorney's fees for Plaintiff's counsel in this action. Attorney's fees to Plaintiff's counsel are not an element of compensatory damages for you to decide.

In support of this instruction, Defendants cite 42 U.S.C. § 1988, and argue that it "serves the vital purpose of insuring that the jury does not inflate any monetary award given the Plaintiff to compensate his counsel for bringing the underlying matter." (Doc. 121, at 3.) Defendants claim that courts in this district have given similar instructions in other cases, but the cited docket entries do not provide any supporting rationale. *See Rodriguez v. Cervantes*, No. 07 C 2481, Doc. 78-1; *Williams v. Gregoire*, No. 07 C 2977, Doc. 109; *Rodriguez v. City of Chicago*, No. 08 C 2095, Doc. 146.

To the extent neither party will be permitted to mention indemnification or the fact that the City is paying for the Defendant Officers' defense, the court sees no basis at this time for instructing the jury regarding attorneys' fees relating to Plaintiff's counsel. (*See* Defendants' Motion *in Limine* Nos. 7 and 8, *supra*.) Plaintiff's objection to proposed Instruction No. 10 is sustained.

### 6. Defendants' No. 11 - Damages for Constitutional Right Violation

The final instruction in dispute is Defendants' proposed No. 11, which again seeks to ensure that "the jury does not inflate any monetary award given to Plaintiff for improper reasons." (Doc. 132, at 4.) The instruction reads as follows:

> Plaintiff claims that he suffered a violation of his constitutional rights. Should you find in favor of Plaintiff, you may not increase the amount of damages because you find his constitutional rights were violated. You may only award damages for any actual injury you find Plaintiff to have suffered and proved.

In support of this instruction, Defendants cite *Memphis Community School Dist. v. Stachura*, 477 U.S. 299 (1986), in which damages instructions were divided into three distinct segments, including "additional compensatory damages for violations of constitutional rights." *Id*. at 305. In finding such an instruction improper, the Supreme Court stated that § 1983 damages "must always be designed to compensate injuries caused by the [constitutional] deprivation." *Id.* at 309 (quoting *Carey v. Piphus*, 435 U.S. 247, 265 (1978)). The Court explained that this conclusion "simply leaves no room for non-compensatory damages measured by the jury's perception of the abstract 'importance' of a constitutional right." *Id*. at 309-10. According to the Court, "[s]ection 1983 presupposes that damages that compensate for actual harm ordinarily suffice to deter constitutional violations." *Id*. at 310.

Plaintiff objects that the proposed instruction will improperly mislead the jury into believing that it may only award damages for physically tangible losses. (Doc. 117, at 5.) In *Kerman v. City of New York*, 374 F.3d 93 (2d Cir. 2004), for example, the Second Circuit found that "the failure . . . to give the jury any indication that it could consider awarding compensatory damages for an injury that was inherent in a confinement found to be unlawful was a fundamental error." *Id*. at 132. The court concluded that the plaintiff was "entitled to have a jury assess the compensation he should be awarded on his Fourth Amendment claim . . . for his loss of liberty for the time spent in postsearch confinement without his consent." *Id*. Plaintiff argues that Defendants' proposed instruction fails to convey that the jury may award him compensation for damages such as emotional distress even in the absence of a physical or economic loss. (Doc. 130, at 3.)

Defendants have not cited any case where the court has given an instruction similar to proposed No. 11. It is true that under *Stachura*, juries cannot be instructed to award damages based on the abstract or inherent "value" of a constitutional right. Defendants have not shown, however, that an inverse instruction on this issue is appropriate in this case. Plaintiff's objection to proposed Instruction No. 11 is sustained.

16

## CONCLUSION

For the reasons set forth above, Defendants' Motions *in Limine* [Doc. 120] and Plaintiffs' Motions *in Limine* [Doc. 118, 119] are granted in part and denied in part. The parties objections to proposed jury instructions are sustained in part and overruled in part.

ENTER:

Dated: August 5, 2010

_____
NAN R. NOLAN
United States Magistrate Judge